# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

GLENN FANE,           )     3:05-CV-0597-ECR (RAM)
                      )
        Plaintiff,     )     __REPORT AND RECOMMENDATION OF__
                      )     __U.S. MAGISTRATE JUDGE__
                      )
       vs.            )
                      )
                      )
DR. THEODORE D'AMICO,   )
                      )
       Defendant.   )
_____)

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge.  This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

Before the court is Defendant's Motion to Dismiss/Motion for Summary Judgment (Doc. #10). Plaintiff opposed the motion (Doc. #14-1), and Defendant replied (Doc. #18-1).

## BACKGROUND

Plaintiff Glenn Fane ("Plaintiff")was an inmate at the Northern Nevada Correctional Center (N.N.C.C.) in Carson City, Nevada.  (Doc. #7).  Plaintiff suffered a stroke on November 13, 2003. (Doc. # 7).  He alleges that Defendant, Dr. Theodore D'Amico ("Defendant"), the Medical Director at the prison, refused to provide Plaintiff with physical therapy to help Plaintiff recover from the stroke. (Doc. #7).  Plaintiff further alleges that several doctors told Plaintiff that he needed physical therapy to maximize his recovery but that when he inquired at the prison about obtaining physical therapy he was informed that there was no physical therapy available at the prison.  (Doc. #7).  Specifically, Plaintiff alleges that on Nov. 29, 2003 Dr. Doyle told him that he "needed medical therapy"; on

1   December 9, 2003 a "private doctor" at Great Basin Imaging allegedly told Defendant that he needed

2   "medical therapy"; and between November 15, 2003 and March 2004 the prison physicians Drs. Soon

3   and Gedney allegedly told Plaintiff that he needed physical therapy.  Plaintiff asserts that Defendant

4   was deliberately indifferent and that the failure to provide appropriate treatment contributed to

5   Plaintiff becoming permanently disabled. (Doc. #7).

6       Subsequent to the alleged actions which constitute the basis for this case, Plaintiff was released

7   from N.N.C.C.

8       Plaintiff brought this action against Defendant in both his personal and official capacity for

9   claims under 42 U.S.C. 1983.  Defendant brings this motion to dismiss/motion for summary judgment

10  based on the theory that (1) Defendant is immune from suit in his official capacity, (2) Defendant is

11  entitled to qualified immunity, (3) Plaintiff is unable to state a claim on which relief can be granted

12  because he is unable to show deliberate indifference.

13                                 **DISCUSSION**

14  **I.    Standard for Summary Judgment**

15      Where a motion to dismiss relies on materials outside the pleadings, the court will treat it as

16  a motion for summary judgment under Fed. R. Civ. P. 56. Fed. R. Civ. P. 12(b).

17      The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as

18  to the facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471

19  (9th Cir. 1994).  The moving party is entitled to summary judgment where, viewing the evidence and

20  the inferences arising therefrom in favor of the nonmovant, there are no genuine issues of material fact

21  in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Bagdadi*

22  *v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996).  Judgment as a matter of law is appropriate where there

23  is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party.

24  Fed.R.Civ.P. 50(a).  Where reasonable minds could differ on the material facts at issue, however,

25  summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995),

26  cert. denied, 516 U.S. 1171 (1996).

27

28                                      2

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed.R.Civ.P. 56(c); *Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes which are irrelevant or unnecessary will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id.*

## II. Official Capacity Immunity

The Eleventh Amendment bars suits for money damages in Federal Court by a citizen against a state or its agencies unless the state has waived such immunity or Congress has abrogated such immunity by statute. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996). Thus, Defendant correctly asserts that to the extent the Plaintiff's claims against him in his official capacity are for money damages, no claim will lie. (Doc. #18-1).

The only remedy available against Defendant in his official capacity is injunctive relief. *Quern v. Jordan*, 440 U.S. 332, 337 ("a federal court, consistent with the Eleventh Amendment, may enjoin state officials to conform their future conduct to the requirements of federal law...").

3

However, because Plaintiff's has since been released from N.N.C.C., Plaintiff's claims for injunctive relief are moot.

Summary judgment as to Plaintiff's claims against Defendant in his official capacity should be granted.

## IV.   Deliberate Indifference

Deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). In order to prove deliberate indifference, a plaintiff must show that prison staff denied, delayed, or intentionally interfered with medical treatment or that the way prison staff provided medical care indicates deliberate indifference, and that the plaintiff sustained damages as a result of such conduct. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). Mere negligence on the part of medical staff is not enough to prove deliberate indifference. *Id.* "A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established." *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir 1992), overruled in part on other grounds in *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). A medical need is "serious" where the "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin,* 974 F.2d at 1059. The court must consider whether a reasonable doctor would think that the condition is worthy of comment, whether the condition significantly affects the prisoner's daily activities, and whether the condition is chronic and accompanied by substantial pain. *See Lopez v. Smith*, 203 F.3d 1122, 1131-32 (9th Cir. 2000). However, prison medical staff do not violate the Eighth Amendment simply because their opinion concerning medical treatment conflicts with the opinion of the inmate patient. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see also Sanchez v. Vild*, 891 F.2d 242 (9th Cir. 1989).

Plaintiff alleges that multiple doctors recommended that he receive physical therapy. (Doc. #14-1). Specifically, Plaintiff alleges that Drs. Soong, Gedney, Doyle, and an unidentified doctor at Great Basin Imaging all recommended that he receive physical therapy as treatment for the partial

4

paralysis he experienced on his left side after his stroke.  (Doc. #14-1).  Plaintiff and Defendant both agree that Dr. Fane recommended range of motion exercises.  (Doc #14-1; Doc. #10-1).  They also agree that Plaintiff received at least some assistance from the nursing staff with these range of motion exercises.  (*Id.*)  Unfortunately this is where their agreement ends.

It is not clear whether physical therapy was actually recommended by these other doctors or whether they simply recommended the range of motion exercise.  (*Id.*)  Further, there is a material dispute regarding whether the range of motion assistance and instruction that Plaintiff did receive rise to the level of physical therapy.  (*Id.*)  It is also not clear whether Plaintiff's request for physical therapy was denied because Defendant deemed it medically unnecessary or, rather, simply because there was no physical therapy services available at that facility.  (*Id.*)  Although the Defendant has offered his own affidavit as evidence that Plaintiff received adequate health care, the affidavit appears to be based mostly on Defendant's review of the chart, not on any personal knowledge of Plaintiff's condition.  (Doc. #10-2, Exh. A).  The affidavit does not attach the medical records or summaries of medical records on which it purportedly relies; only documents relating to Plaintiff's visit to Dr. Doyle are included.[1]  (*Id.*)  Where an affidavit refers to documentary evidence as a factual source, Rule 56(e) requires that the document be attached.  *School District Number 1J, Multnomah Cty. v. Acands, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  As such, the court may exclude that affidavit in considering the motion.  (*Id.*)  Dr. Karen Gedney's affidavit, attached to the Defendant's reply, suffers the same infirmity as it appears to also rely largely on medical records that are not attached.  (Doc. #18-2).  Further, as Dr. Gedney's affidavit reveals important material facts about which she does have personal knowledge, and about which the Defendant must surely have been aware at the time he filed the motion, the court sees no reason why Dr. Gedney's affidavit was not attached with the original motion.  Where the moving party introduces new facts in the reply brief that were not presented in the moving papers, the court has discretion to disregard those factual matters newly raised.  *Lujan v. National Wildlife Federation*, 497 U.S. 871, 894-895 (1990) (court has discretion to disregard late filed factual

---

[1]Plaintiff attached some medical records as well; however, they mostly consist of hand written chart notes that the court cannot confidently decipher.

matters).  If the court were to rely on the new facts asserted in the reply then Plaintiff would be deprived of the opportunity to respond.  *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-65 (10th Cir. 1998).  As such, the court does not rely on Dr. Gedney's affidavit in considering this motion.  Also, as stated above, this court does not rely on Defendant's affidavit.

At this stage of the proceedings too many facts remain disputed for the court to find, as a matter of law, that Defendant's conduct did not constitute deliberate indifference.  Viewed in the light most favorable to the Plaintiff, the facts do not necessarily require a finding for the Defendant. If Plaintiff can show at trial that his doctors did, in fact, order physical therapy, and that Defendant was aware of such recommendation, then a reasonable jury could find that Defendant Dr. D'Amico was deliberately indifferent in denying Plaintiff's requests for such treatment.  Thus, the moving party has not met its burden of showing that there is no genuine issue of fact for trial.

## III.    Qualified Immunity

Defendant also claims that he is entitled to qualified immunity.  (Doc. #10-1).  Under certain circumstances state officials are entitled to qualified immunity when sued in their personal capacities. *Carey v. Nevada Gaming Control Board*, 279 F.3d 873, 879 (9th Cir. 2002).  When a state official reasonably believes his or her acts were lawful in light of clearly established law and the information they possessed, the official may claim qualified immunity. *Kennedy v. Los Angeles Police Dept.*, 901 F.2d 702, 706 (9th Cir. 1985).  Where "the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

In analyzing whether the defendant is entitled to qualified immunity, the court must consider two issues.  First, the court must make a threshold inquiry into whether the Plaintiff alleges deprivation of a constitutional right. *Hope v. Pelzer*, 536 U.S. 730, 736 (2000); *Saucier,* 533 U.S. at 201.  If no constitutional violation occurred, the court need not inquire further. *Saucier*, 533 U.S. at 201.  If a constitutional violation did occur then the court must next establish whether the right was clearly established at the times of the alleged violation such that the official could have reasonably, but

mistakenly, believed that his or her conduct did not violate a clearly established right.  *Saucier*, 533 U.S. at 202.

The court finds that Plaintiff has alleged the deprivation of a constitution right.  Plaintiff alleges that his rights under the constitution were violated when he was refused physical therapy, and that such denial occurred after multiple doctors had explicitly recommended physical therapy as a treatment for his condition.  (Doc. #18-1).  Defendant claims that physical therapy was never recommended, only exercises for "range of motion".  (Doc. #10–1).  Defendant argues that Plaintiff received range of motion assistance from the nurses and that these exercises count as physical therapy.  (Doc. #18-1).  There are not currently sufficient facts before this court to determine whether the services that the Plaintiff did receive would qualify as physical therapy (if physical therapy was indeed ordered).[2]  Further, the court is not persuaded that the unavailability of physical therapy at the N.N.C.C. facility releases the Defendant from the obligation to provide inmates with such care where it is medically necessary.  Plaintiff alleges that he suffered serious harm as a result of being denied physical therapy, including rendering Plaintiff "completely paralyzed on left arm and left leg."  (Doc. #14-1).[3]  If Plaintiff's physicians did in fact recommend physical therapy and Defendant knew of those recommendations and disregarded them, a jury could find that such conduct amounts to deliberate indifference, even if the N.N.C.C. facility lacked a physical therapist or physical therapy services.  Thus, if what the Plaintiff alleges is true, and Defendant Dr. D'Amico really did refuse to provide physical therapy despite it being recommended by multiple doctors, a reasonable jury could find that such conduct was deliberately indifferent to the Plaintiff's medical needs in violation of the Eighth Amendment to the U.S. Constitution.  *See Estelle*, 429 U.S. at 105.

---

[2]If they do qualify as physical therapy then Plaintiff's complaints about not receiving physical therapy likely amount to little more than a difference in opinion regarding what sort of professional should provide his therapy, which would not be sufficient to make out a claim of deliberate indifference. *See, e.g., Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see also Sanchez v. Vild*, 891 F.2d 242 (9th Cir. 1989) (mere difference in opinion not enough).  However, if Plaintiff can show that the services he received did not satisfy the orders of his doctors and the jury believes him, a jury could conclude that Defendant was deliberately indifferent in denying Plaintiff such care.

[3]Defendant disputes that Plaintiff was actually harmed to the degree alleged, stating that Plaintiff initially used a wheelchair but now uses a cain to walk. (Doc. #18-1, Exh. B).

7

The right of prisoner's to necessary medical care is well established. *See, e.g., id.* It was clearly established when these alleged deprivations occurred in 2003 and 2004 that officers could not intentionally deny or delay access to medical care. *See Clement v. Gomez*, 298 F.3d 898, 906 (citing *Estelle*, 429 U.S. at 104-05). As stated above, a right is clearly established if a reasonable officer in the Defendant's position would have recognized that the conduct is unlawful. *Saucier*, 533 U.S. at 202. A reasonable officer would know that denying or delaying a prisoner's access to medical care that had been ordered by a physician was unconstitutional. Here, Plaintiff alleges that Defendant knew that physical therapy was necessary to aid his recovery after his stroke and yet denied the orders for physical therapy. (Doc. #14-1). A reasonable officer would know that such a denial fails to comport with the requirements of the constitution.

For the reasons stated above, the court finds that Defendant is not entitled to qualified immunity; the Defendant's motion for summary judgment (Doc. #10-1) should be denied.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order denying Defendant's Motion for Summary Judgment (Doc #10).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

/ / /

/ / /

/ / /

/ / /

/ / /

2.      That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED:   October 16, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

9